IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| RENEE HOFFMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 16 C 9411 |
| | ) | |
| DUPAGE COUNTY, ILLINOIS, | ) | |
| SHERIFF ZARUBA, individually and in his | ) | |
| official capacity as Sheriff of DuPage County, | ) | |
| Illinois, and AS-YET UNKNOWN DUPAGE | ) | |
| COUNTY CORRECTIONS OFFICERS, and | ) | |
| AS-YET UNKNOWN DUPAGE COUNTY | ) | |
| MEDICAL PERSONNEL, | ) | |
| | ) | |
| Defendants. | ) | Hon. Rebecca R. Pallmeyer |

**REPORT OF PARTIES' RULE 26(f) PLANNING MEETING**

1. **Meeting.** In accordance with Rule 26(f) of the Federal Rules of Civil Procedure, a meeting was held on January 3, 2017 by phone and was attended by:

    a.   Sarah Grady for Plaintiff Renee Hoffman;

    b.   William Roberts and Lisa Smith for Defendants Sheriff Zaruba and DuPage County.

2. **Nature of the Case.**

    a.   The case involves the following claims:

    – Plaintiff's section 1983 claim for denial of medical care;
    – Plaintiff's section 1983 claim for conspiracy;
    – Plaintiff's section 1983 claim for failure to intervene;
    – Plaintiff's state-law claim for intentional infliction of emotional distress;
    – Plaintiff's state-law claim for willful and wanton misconduct;
    – Plaintiff's state-law claim for ordinary negligence;
    – Plaintiff's state-law *respondeat superior* claim;
    – Plaintiff's state-law indemnification claim.

    b.    Jurisdiction in this case is based on 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

3. **Pre-trial Schedule.**

    a.    Discovery will be needed on the following subjects:

- Whether Defendants or other individuals acted with deliberate indifference in failing to provide access to adequate medical treatment and/or to provide adequate medical treatment to Plaintiff's objectively serious medical needs;

- Whether the Office of the Sheriff of DuPage County promulgated policies or practices that caused a denial of medical care to Plaintiff, and whether other individuals acted pursuant and/or contrary to those policies or practices;

- Whether and the extent to which Defendants and other individuals reached an agreement between some or all of themselves to violate Plaintiff's constitutional rights;

- Whether Defendants and other individuals intentionally acted to inflict severe emotional distress on Plaintiff by denying her adequate medical care and/or access to adequate medical care;

- Whether Defendants and other individuals acted negligently or willfully and wantonly in failing to provide Plaintiff adequate medical care and/or access to adequate medical care;

- Whether Defendant Zaruba and other individuals were employees of DuPage County or the DuPage County Sheriff's Department, and whether they were acting within the scope of their employment during their interactions with Plaintiff;

- Whether DuPage County is required to indemnify any judgment against any Defendant or other individual in this case; and

- The nature and extent of Plaintiff's injuries.

    b.    Disclosures pursuant to Rule 26(a)(1) to be made on February 3, 2017. All discovery to be commenced in time to be completed by July 3, 2017.

    c.    The parties have discussed discovery of electronically stored information (ESI). The parties acknowledge their obligation to take reasonable and proportionate steps for preserving relevant and discoverable ESI within their possession, custody, or control. The parties acknowledge, further, that requests for ESI, and responses to those requests, must be reasonably targeted, clear, and as specific as practicable. The parties propose that by March 3, 2017, they will either reach agreement on an ESI protocol, or else have finalized any disputes and be prepared to present them to the Court for resolution. The parties anticipate being guided by the Seventh Circuit Electronic Discovery Pilot Program.

    d.    The parties cannot yet anticipate the number of depositions that will be required in this case as Plaintiff has not yet received the discovery necessary to identify additional Defendants in this case.

    e.    Reports from retained experts under Rule 26(a)(2) due:

- From Plaintiff by August 3, 2017;
- From Defendants by September 4, 2017; and
- From Plaintiff in rebuttal by October 3, 2017.

    f.    All potentially dispositive motions should be filed by November 3, 2017.

4. **Trial Schedule.**

    a.    Final pretrial order: Plaintiff to prepare proposed draft by March 27, 2018; parties to file joint final pretrial order by April 3, 2018.

    b.    The case should be ready for trial by May 2, 2018, and at this time is expected to take approximately one week. Because the identity of most of the Defendants remains outstanding at this time, the parties acknowledge that the length of the trial may change as discovery proceeds.

5. **Expected Evidentiary Proceedings.** The parties anticipate there will be a jury trial, and that there may be one or more *Daubert* hearings.

6. **Settlement.** Plaintiff respectfully contends that without discovery and the identity of the correct Defendants, she cannot issue a reasonable demand.

3

7.  **Consent.**  The parties do not consent unanimously to proceed before a Magistrate Judge.

                                                                                         Respectfully submitted,

                                                                                         /s/ Sarah Grady
                                                                                         Sarah Grady
                                                                                         Attorney for Plaintiff

Jonathan Loevy
Arthur Loevy
Julie Goodwin
Sarah Grady
LOEVY & LOEVY
311 North Aberdeen St., 3rd Floor
Chicago, Illinois 60607
(312) 243-5900

                                                                                         /s/ William Roberts
                                                                                        William Roberts
                                                                                        Attorney for Defendants

William Roberts
Lisa Smith
DUPAGE COUNTY STATE'S ATTORNEY'S OFFICE
503 North County Farm Rd.
Wheaton, Illinois 60187
(630) 407-8200

## CERTIFICATE OF SERVICE

    I, Sarah Grady, an attorney, certify that on January 4, 2017, I caused the foregoing Report of Parties' Rule 26(f) Planning Meeting to be filed using the Court's CM/ECF system, which effected service on all counsel of record.

                                      /s/ Sarah Grady
                                      Sarah Grady
                                      Attorney for Plaintiff